MULTI-LINE INSURANCE RATING BUREAU, APPELLANT, v. DEPARTMENT OF BANKING AND INSURANCE, RESPONDENT.

Argued April 11, 1967—Decided May 22, 1967.

*Mr. William P. Reiss* argued the cause for appellant (*Messrs. Pitney, Hardin & Kipp,* attorneys; *Mr. Joel A. Wolff* on the brief).

*Mrs. Marilyn Loftus Schauer,* Assistant Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Alan B. Handler,* First Assistant Attorney General, of counsel; *Mr. Avrom J. Gold,* Assistant Attorney General, on the brief).

The opinion of the court was delivered by

PROCTOR, J. This case arises under the Insurance Rating Law. *N. J. S. A.* 17:29A–1 to 32. The Commissioner of the Department of Banking and Insurance denied the application of Multi-Line Insurance Rating Bureau (MLIRB) for a license to act as a rating organization. MLIRB appealed this determination to the Appellate Division pursuant to *R. R.* 4:88–8(a), and we certified the matter to this Court on our own motion prior to argument there.

The requirements for a license to act as a rating organization are set forth in *N. J. S. A.* 17:29A–2:

"No rating organization shall do business in this State until it shall have been licensed to do so by the commissioner. Application for such license shall be made on such forms as the commissioner shall prepare for that purpose. Upon applying for such license, every rating organization shall file with the commissioner (1) a copy of its constitution, its articles of agreement or association, or its certificate of incorporation, and of its by-laws or rules governing the conduct of its business, or such of the foregoing, if any, as such rating organization may have; (2) a list of insurers who are or who have agreed to become members of or subscribers to such rating organization; (3) the name and address of a person or persons in this State upon whom notices, or orders of the commissioner affecting such rating organization may be served; and (4) such other information as the commissioner may require. If the commissioner finds that the applicant for license (a) has complied with the provisions of this act; (b) is equipped with an adequate staff of experts and clerks qualified in rate-making; and (c) is otherwise qualified to function as a rating organization, he shall issue a license to such rating organization authorizing it to engage in rate-making for the *kinds of insurance* specified in such license. If the commissioner shall determine that the applicant is not entitled to a license, he shall make an order denying its application, specifying his reasons for such denial * * *." (emphasis added)

In support of its application of November 7, 1963, MLIRB submitted all documents and information required by the above statute. It sought a license to act as a rating organization "with respect to all forms of multiple line coverages, and rates and premiums therefor, embracing any combination of two or more lines of insurance traditionally considered fire, inland marine, casualty or fidelity."

On December 24, 1964 the Commissioner denied the application for the following reason:

"Applicant is hereby notified that this application will be denied for the reason that multiple line insurance coverage is not recognized in New Jersey as a 'kind of insurance' for which a rating license may be issued. Those kinds of insurance for which rates may be made in New Jersey are set forth in *N. J. S. A.* 17:17–1. Not only is multiple line insurance coverage not specified in paragraphs 'a' to 'n' of the above section but it is also not 'a proper subject of insurance' under paragraph 'o' of this section."

On March 30, 1965 MLIRB asked the Commissioner to reconsider his denial, writing that it only wanted to rate combinations in connection with fire insurance coverage, and that a license to make such rates had already been issued to two other rating organizations, Fire Insurance Rating Organization (FIRO) and Multiple Peril Insurance Rating Organization (MPIRO). MLIRB further offered to amend its application's description of rating authority to the exact words used in FIRO's license. Reconsideration was denied on November 4, 1965, and this appeal followed.

Under *N. J. S. A.* 17:29A–2 the Commissioner must grant a license to an applicant who meets the statutory requirements contained therein. The sole reason which the Commissioner specified for denying the license was that petitioner did not propose to rate a "kind of insurance" within the meaning of the Rating Law. The Commissioner did not request any changes in the form or content of documents and information submitted by petitioner although petitioner frequently expressed its willingness to make changes.

There is a substantial question as to whether the grouping of several insurance coverages in a single policy can create a new kind of insurance. There is also a difficult question concerning the proper manner to determine the premium for such a package of coverages. However, these questions pertain to the rate-making process and are not relevant to determine entitlement to a rating organization license.

The package may be no different from its component coverages. See the discussion to this effect by Judge Goldmann in *Insurance Co. of No. Amer. v. Howell,* 80 *N. J. Super.* 236, 248–250 (*App. Div.* 1963). If so, then of necessity the package is a kind of insurance falling within two or more of the sections in *N. J. S. A.* 17:17–1(a) to (n). If, on the other hand, the package is different from its component coverages, then we believe that such a package—at least if it includes fire insurance—is a "proper subject of insurance" within the meaning of *N. J. S. A.* 17:17–1(o) because the Legislature has expressly authorized combinations of fire and other insurances:

"Every such policy of fire insurance may * * * include any other insurances which the insurer is authorized to make." *N. J. S. A.* 17:36–5.21.

The popular "homeowner's policy" is one example of a package of fire and other insurances which is a kind of insurance. In either event MLIRB is entitled to receive the license for which it applied because it proposes to rate "kinds of insurance" within the meaning of *N. J. S. A.* 17:29A–2.

The Commissioner has extensive authority to reject rates which in his opinion are unreasonable, inadequate, discriminatory or otherwise objectionable. *N. J. S. A.* 17:29A–7 (new filings); *N. J. S. A.* 17:29A–14 (amended filings). If the Commissioner rejects rates which MLIRB files, it may then become necessary for a court to decide whether a package of insurances is itself a separate and distinct kind of insurance for rate-making purposes or whether the package is the same kind of insurance as its components, and whether

the rate for package policies should be determined by separate rating of each component or by one indivisible premium for the package. However, we do not believe it proper for this Court to decide issues which may never arise and which in any event should first be considered by the Commissioner in administrative proceedings.

We hold only that MLIRB in its application as amended by its stipulation limiting its rating authority to packages containing fire insurance proposes to rate a kind of insurance within the meaning of *N. J. S. A.* 17:29A-2.

The order of the Commissioner is vacated, and the matter is remanded to the Commissioner for further administrative consideration of petitioner's application not inconsistent with this opinion.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.